## JOHN WILSON v. THE STATE.

1. INFORMATIONS — AMENDMENT. — As heretofore held in *Bassett* v. *The State*, 4 Texas Ct. App. 41, art. 469 of the Code of Criminal Procedure (Pasc. Dig., art. 2938) is applicable to misdemeanors as well as to felonies. It is applicable to informations as well as to indictments, and the same course of procedure in the application of it is to be pursued. The amendment is to be made in the information alone; not in the supporting affidavit.

2. SAME — CASE STATED. — Being charged with a misdemeanor by information, and therein named John Smith, the defendant suggested that his true name was John Wilson; whereupon the court caused the information, but not the supporting affidavit, to be so changed as to conform to the suggestion, and the cause to proceed as against John Wilson. Being convicted, the defendant moved in arrest of judgment, because of repugnancy between the information and its supporting affidavit. *Held,* that the procedure was correct, and the motion in arrest of judgment properly overruled.

APPEAL from the County Court of Montague. Tried below before the Hon. B. E. GREEN, County Judge.

The conviction was for aggravated assault. All material facts appear in the opinion of this court.

*Grigsby & Willis,* for the appellant. The court ordered that the information and other papers in the cause be amended, but this order was not complied with, except as to the information. We think the complaint should have been changed so as to allege that John Wilson committed the assault, and that it should then have been

sworn to again. At any rate, it should have been changed so as to charge the offence against the same person named in the information. The complaint and the information must each charge the same offence; and in order to do this, they must each name the same person as defendant. *Davis* v. *The State*, 2 Texas Ct. App. 186. See also *Thornberry* v. *The State*, 3 Texas Ct. App. 36; *Turner* v. *The State*, 3 Texas Ct. App. 551; *Dean* v. *The State*, 3 Texas Ct. App. 425; *Smith* v. *The State*, 3 Texas Ct. App. 549. The information must contain the name of the accused, or should it be stated that his name is unknown. Pasc. Dig., art. 2870, subdiv. 4. The name was at first alleged "John Smith," in both complaint and information in the case at bar. It is respectfully submitted that art. 2938, Paschal's Digest, which seems to speak only of *indictments*, cannot, by any reasonable construction, be held to authorize, sanction, or permit the course pursued by the prosecution in this case. If the complaint had also been changed as the court ordered, then the law in such cases made and provided would have been complied with. But the prosecutor disregarded said order, and changed only the information. Consequently, we have the anomaly of a prosecution based upon a complaint charging John Smith with an aggravated assault, and an information, based upon such complaint, charging John Wilson with said offence. Can such an unheard-of proceeding be tolerated and sanctioned? We think it cannot.

It is further insisted that there is a fatal variance between the allegations of the complaint and the information upon which the appellant was tried, — one charging John Smith, and the other charging John Wilson, with the commission of the offence. "Variance between an information and the affidavit therefor, in any of their material allegations, is error for which the conviction must be set aside and the cause dismissed." *Johnson* v. *The State*, 4 Texas Ct. App. 504; *Hoerr* v. *The State*, 4 Texas Ct. App. 75.

Because of the error thus committed, the motion in arrest of judgment should have been sustained; and, for the reasons above stated, the judgment should be reversed and the cause dismissed.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.  In the complaint upon which the information was based, and in the information as originally prepared and filed, the name of the defendant was stated to be John Smith.  The record recites that, after announcement of ready for trial by both parties, " the defendant suggests to the court that his name was not John Smith, as stated in the information, but was John Wilson; whereupon the court ordered the style of the cause changed so as to give the true name of the defendant, and that the information and other papers in the cause be amended, which was accordingly done as to the information in said cause; and further ordered that this cause proceed to trial as if the true name had been first recited correctly."

No change or amendment was made in the name, " John Smith," as originally set out in the complaint or affidavit upon which the information was based.  It is contended that the complaint also should have been changed, so as to allege that John Wilson committed the assault, and that it then should have been sworn to again; that, at any rate, it should have been so changed as to charge the offence against the same person named in the information; and that because this was not done, the court erred in overruling defendant's motion for new trial, and in arrest of judgment, and in rendering judgment on a verdict of guilty against John Wilson.

We are cited, in support of this position, to the eighth section of the Acts of the Fifteenth Legislature, p. 20, wherein it is expressly provided that the " information shall be based upon the affidavit," and to numerous deci-

sions of this court construing this provision of the statute, in which it is declared that, "if the information must be based upon the affidavit, then the offence stated in the information must be characterized by, and correspond with, that as stated in the affidavit." *Davis* v. *The State*, 2 Texas Ct. App. 186, and other authorities in 3 and 4 Texas Ct. App. As thus enunciated, and now so well settled, the rule is unquestionably correct. In our opinion, it does not militate in the slightest degree against the action of the court in the case under consideration.

In the case of *Bassett* v. *The State*, 4 Texas Ct. App. 41, we held that art. 469 of the Code of Criminal Procedure, respecting misnomers in indictments, was applicable to misdemeanors as well as to felonies. It also follows that, if applicable to misdemeanors, it makes no difference whether the misdemeanor is being prosecuted by indictment or information, the procedure would be the same. The article referred to reads : " If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment amended, the style of the cause changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment." Pasc. Dig., art. 2938.

So far as we can perceive, the provisions of this statute were literally complied with in the case at bar. The information was amended, the style of the cause was changed, and the cause thereafter proceeded in the true name of the defendant, as suggested by himself. Up to the time of this suggestion by him, no objection is or can be urged to the legality or regularity of the proceedings. The information was based upon a complaint, and corresponded in every particular with it. In amending the information, the prosecution or case, as commenced by the State, was not changed ; it was simply a change of the name of the defendant and

the style of the cause, and, though changed, the crime and the defendant were still the same.

By the terms of the statute, it is the indictment or information which is to be amended. There is no provision for amending the complaint; nor, indeed, could it have been done without absolutely vitiating it. In *Patillo* v. *The State*, this court said: " Clearly, the court had no right to amend, or permit any one else to amend, the affidavits. Affiant himself could not have done so without being sworn anew as to the amended statement. Whenever the court permitted the county attorney to amend the affidavit, it ceased to be the act of affiant." 3 Texas Ct. App. 442.

But for the suggestion of misnomer by defendant, he would doubtless have been tried and properly convicted as John Smith. If he preferred to be tried and convicted in his own proper name, it was a right which the statute accorded him, and he alone could ask and have the information amended in that regard. He made the request, and it was accorded him, and he cannot now be heard to complain that the court did not do what he had no authority to demand, or it to grant.

There is no error in the proceedings had in the trial in the court below, and the judgment is therefore affirmed.

*Affirmed.*